IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| KIM BAKER, </br></br>         Plaintiff, </br> v. </br></br> KARE MANAGEMENT SOLUTIONS, LLC, </br></br>         Defendant. | Civil No. 1:18-cv-465-AJT-MSN |

**REPORT & RECOMMENDATION**

This matter comes before the Court on Plaintiff's Motion for Default Judgment (Dkt. No. 11). Having reviewed the record and pleadings, the undersigned Magistrate Judge recommends entering default judgment in the Plaintiff's favor for the reasons that follow.

**I.  Background**

On April 23, 2018, Plaintiff Kim Baker filed a Complaint against Defendant Kare Management Solutions, LLC, a home health care agency providing in-home health care services, for unpaid overtime compensation under the Fair Labor Standards Act ("FLSA"). *See* Compl. (Dkt. No. 1). Plaintiff alleges that while employed with Defendant, she worked more than forty hours per week without proper compensation, only being paid "straight time." *Id.* ¶¶ 15–16. Plaintiff asserts that Defendant was aware of her work schedule because Defendant arranged her work schedule and required Plaintiff to report her work hours on weekly timesheets. *Id.* ¶ 17. Plaintiff seeks recovery of $29,450.19 in back wages and the same in liquidated damages as well as $11,197.50 in attorneys' fees and $788.65 in costs. *See* Pl.'s Mem. of Law in Supp. of Mot. for Default J. [hereinafter Pl.'s Mem.] at 6–9, 11, 14 (Dkt. No. 11-1).

## II. Procedural History

On April 28, 2018, Plaintiff's process server personally served Defendant through its registered agent, Ato B. Andoh, pursuant to Federal Rule of Civil Procedure 4(c), (e), and (h). (Dkt. No. 7). Defendant did not file a response within 21 days of receipt (*i.e.* May 21, 2018) (Dkt. Nos. 7–8, 11). On June 12, 2018, the Clerk entered a default against Defendant (Dkt. No. 9). On July 20, 2018, Plaintiff filed this Motion for Default Judgment (Dkt. No. 11).

## III. Service of Process, Jurisdiction, and Venue

The docket reflects that Defendant has been properly served pursuant to Va. Code §§ 8.01-296, 299 and Federal Rule 4(h)(1)(B). *See* Summons Return Executed (Dkt. No. 7). This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §§ 216, as Plaintiff's claim arises under federal law, the FLSA, and from an Act of Congress regulating commerce. Compl. ¶ 11. Plaintiff alleges that Defendants violated §§ 207 and 215(a)(2) of the FLSA. *Id.* ¶ 24. This Court also has personal jurisdiction over Defendant. As stated in the Complaint, Defendant is a Virginia corporation with its principal place of business in Alexandria, Virginia—within the Eastern District of Virginia. *Id.* ¶ 6. Virginia's long-arm statute authorizes the exercise of personal jurisdiction over Defendant, which satisfies the minimum contacts test under the Due Process Clause of the Fourteenth Amendment. *See CFA Inst. v. Inst. of Chartered Fin. Analysts of India*, 551 F.3d 285, 292 (4th Cir. 2009). Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim against Defendants occurred within the Eastern District of Virginia. Compl. ¶ 12.

## IV. Legal Standard

Default judgment is appropriate if the well-pled allegations of the complaint establish that the plaintiff is entitled to relief, and the defendant has failed to plead or defend within the time frame set out in the rules. Fed. R. Civ. P. 55; *see Music City Music v. Alfa Foods, Ltd.*, 616

F. Supp. 1001, 1002 (E.D. Va. 1985). By defaulting, the defendant admits the plaintiff's well-pled allegations of fact, which then provide the basis for judgment. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006). Nevertheless, "'[a] court confronted with a motion for default judgment is required to exercise sound judicial discretion in determining whether the judgment should be entered, and the moving party is not entitled to default judgment as a matter of right.'" *ReadyCap Lending, LLC v. Servicemaster Prof'l Cleaning, Inc.*, No. 2:15-cv-451, 2016 WL 1714877, at *2 (E.D. Va. Apr. 12, 2016) (quoting *EMI April Music, Inc. v. White*, 618 F. Supp. 2d 497, 505 (E.D. Va. 2009)). Here, because Defendant has not answered or otherwise timely responded, the well-pled allegations of fact contained in the Complaint are deemed to be admitted.

V. **Analysis**

Having examined the record, the undersigned Magistrate Judge finds that the well-pled allegations of fact contained in the Complaint, and supported by Plaintiff's Motion for Default Judgment, Memorandum of Law in Support of Motion for Default Judgment, and Declaration of Kim Baker, establish that Defendant violated overtime provisions of the FLSA. Plaintiff is therefore entitled to default judgment in her favor as detailed below.

    A. **Maximum Hours**

To establish a violation of the maximum hours provision of the FLSA, Plaintiff must show that (1) she was employed by Defendant; (2) Defendant was engaged in commerce or in the production of goods for commerce; (3) Plaintiff worked more than 40 hours per workweek; (4) she was not compensated at a rate of 1.5 times her regular rate for each hour worked longer than 40 hours for each workweek; and (5) none of the exemptions in 29 U.S.C. § 213 applied to Plaintiff's position. *See* 29 U.S.C. § 207.

Plaintiff's Complaint establishes the elements of a violation of the maximum hours provision of the FLSA. Plaintiff does not allege that the exemptions in 29 U.S.C. § 213 apply to her, and after reviewing the pleadings and the FLSA, the undersigned finds that determination accurate. *See* Compl. ¶ 20; Pl.'s Mem. at 3–5; Baker Decl. ¶ 3 (Dkt. No. 11-2). From September 1, 2015 to January 7, 2018, Plaintiff worked as a certified nursing assistant at Defendant's home health care agency. Pl.'s Mem. at 2–4; Baker Decl. ¶ 3. During this time, Plaintiff worked, on average, 45.98 hours of overtime per week, sometimes as much as 70 hours per week. Compl. ¶ 15; Pl.'s Mem. at 3, 5, 8; Baker Decl. ¶¶ 5, 10. Plaintiff correctly asserts that Defendant paid her $10.50 per hour—"straight time"—a rate less than the required rate of 1.5 times the federal minimum wage for each hour she worked in excess of 40 hours. Compl. ¶¶ 16, 22; Pl.'s Mem. at 3–5, 7; Baker Decl. ¶¶ 4–5; Ex. A (Dkt. No. 11-3); *see* 29 U.S.C. § 207.

Plaintiff calculates that she is owed **$29,450.19** for Defendant failing to pay overtime. Pl.'s Mem. at 9; Baker Decl. ¶¶ 5–10. Accordingly, Plaintiff is entitled to her unpaid wages from Defendant.

### B. Statute of Limitations

Claims of willful FLSA violations are subject to a three-year statute of limitations. *See* 29 U.S.C. § 255(a); *Perez v. Mountaire Farms, Inc.*, 650 F.3d 350, 375 (4th Cir. 2011). A violation of the FLSA is "willful" if "an employer either knew it was violating the FLSA or 'showed reckless disregard' toward it." *LaFleur v. Dollar Tree Stores, Inc.*, No. 2:12-cv-363, 2012 WL 4739534, at *1 (E.D. Va. Oct. 2, 2012) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)). Plaintiff argues that Defendant willfully violated §§ 207 and 215(a)(2) of the FLSA, *see* Compl. ¶ 24, because it was aware it only paid "straight time" for all of the hours Plaintiff worked. Pl.'s Mem. at 7. Moreover, Defendant did not provide Plaintiff with information on the FLSA, including information concerning her rights, enforcement remedies, and non-retaliation, which constitutes a

willful violation. *Id.* The FLSA requires employers to post and keep posted in "conspicuous places" a notice explaining the Act, unless the employer is covered by an exemption. 29 C.F.R. § 516.4. As noted above, no evidence has been produced to show that any of the exemptions listed in 29 U.S.C. § 213 apply to Plaintiff. Compl. ¶ 20; Pl.'s Mem. at 5. Based upon Defendant's awareness of the violation and lack of notice to its employee, the three-year statute of limitations applies.

The undersigned recommends that, if the District Judge enters judgment in this matter against Defendant, Plaintiff be awarded total back wages for Defendant failing to pay overtime in the amount of **$29,450.19**. *See* Pls.' Mem. at 7–9.

    **C.**    **Liquidated Damages**

An employer who violates the maximum hours provision of the FLSA must pay the employee liquidated damages in an amount equal to the amount of unpaid wages, unless the employer shows that it acted in good faith. *See* 29 U.S.C. § 216(b); *Perez*, 650 F.3d at 375. The employer bears the burden of establishing good faith in defense of a claim of a willful violation. *Perez*, 650 F.3d at 375. Because Defendant has failed to appear and present any defense, the undersigned recommends granting Plaintiff an award of liquidated damages equal to the amount of unpaid wages, **$29,450.19**. *See* Pl.'s Mem. at 6–9.

    **D.**    **Attorneys' Fees and Costs**

The FLSA awards the prevailing party reasonable attorneys' fees and costs to be paid by the other party. *See* 29 U.S.C. § 216(b); *Jackson v. Estelle's Place, LLC*, 391 F. App'x 239, 242 (4th Cir. 2010). Plaintiff seeks to recover attorneys' fees and costs. Pl.'s Mem. at 9–14. On July 20, 2018, Plaintiff filed an affidavit requesting $11,197.50 in attorneys' fees and $788.65 in costs. *Id.* at 11, 14; Ex. C (Dkt. No. 11-9). Because the FLSA entitles Plaintiffs to an award of attorneys' fees and costs, the undersigned recommends that, if the District Judge enters judgment in this matter

against Defendant, Plaintiff be awarded the attorneys' fees and costs requested in her affidavit in support of her Motion for Default Judgment. The undersigned has examined the record and finds that these amounts are reasonable compensation for work necessarily expended to enforce Plaintiff's rights. Accordingly, the undersigned recommends that Plaintiff be awarded $11,197.50 in attorneys' fees and $788.65 in costs, for a total of **$11,986.15**. *See id.*

### E. Interest

Federal Rule of Civil Procedure 54(c) narrows the relief a plaintiff may be granted on a default judgment to the monetary amount demanded in the pleadings. "In considering the scope of Rule 54(c), the U.S. Court of Appeals for the Fourth Circuit has held that in default cases, there can be no recovery over the amount pled in the complaint, and that the complaint must pray for a specific monetary amount." *Sheet Metal Workers' Nat. Pension Fund v. Frank Torrone & Sons, Inc.*, No. CIV.A. 1:04-cv-1109, 2005 WL 1432786, at *8 (E.D. Va. June 1, 2005); *see also id.* (citing cases); *Glaser v. Hagen*, No. 114-cv-1726-LMB-IDD, 2016 WL 521454, at *1 n.1 (E.D. Va. Feb. 5, 2016) (denying plaintiff's request for "interest paid on a home equity loan" for failure to plead a specific monetary amount). In this case, Plaintiff does not request any pre- and post-judgment interest. *See generally* Compl. The undersigned therefore recommends denying an award for interest.

### VI. Recommendation

For the foregoing reasons, the undersigned recommends:

1) GRANTING Plaintiff's Motion for unpaid wages in the amount of $29,450.19;

2) GRANTING Plaintiff's Motion for liquidated damages in the amount of $29,450.19; and

3) GRANTING Plaintiff's Motion for attorneys' fees and costs in the amount of $11,986.15.

**VII.	Notice**

By means of the Court's electronic filing system and by mailing a copy of this Report and Recommendation to Defendants at their address for service of process, the parties are notified as follows. Objections to this Report and Recommendation must be filed within fourteen (14) days of service on you of this Report and Recommendation. Failure to file timely objections to this Report and Recommendation waives appellate review of the substance of this Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.

/s/
Michael S. Nachmanoff
United States Magistrate Judge

August 29, 2018
Alexandria, Virginia